1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES COURT
OF INTERNATIONAL TRADE

KEIRTON USA, INC., a Washington Corporation,

Plaintiff,

v.

U.S. CUSTOMS AND BORDER PROTECTION, a federal agency,

Defendant.

Case No.: 21-00452

COMPLAINT FOR A DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

## I.   INTRODUCTION

COMES NOW Plaintiff, Keirton USA, Inc. ("Keirton" or "Plaintiff"), by and through its undersigned counsel in this matter, Buchalter, a professional corporation, and brings this action against Defendant, U.S. Customs and Border Protection ("CBP"), alleging as follows:

## II.   NATURE OF THE ACTION

Keirton brings this action against CBP because it wrongfully excluded its merchandise, after protest and denial of the same. The denial was wrongful because an exemption in the Controlled Substances Act (21 U.S.C. § 863(f)(1)) applies to Keirton's Merchandise and mandates entry.

## III.   PARTIES

1.   Keirton is a Washington Corporation with its principal place of business in Ferndale, Washington.

2.   U.S. Customs and Border Protection is a federal agency.

COMPLAINT FOR A DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201- 1

Case No. 21-00452

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

## IV. JURISDICTION

3. Jurisdiction is proper as the claims arise out of federal statutes 28 U.S.C. § 1581 and 28 U.S.C. § 1331 and as declaratory relief is permitted under 28 U.S.C. § 2201.

## V. FACTS

4. Keirton is a Washington company that manufactures agricultural equipment used to process cannabis and other farm goods, including hemp and kale, in a new multi-million dollar facility in Ferndale, Washington. Keirton imports parts and components into Washington State for its agricultural equipment from British Columbia, Canada, China, Taiwan, and Japan for assembly.

5. All work performed by Keirton in Washington state are legal under Washington state law.

6. CBP illegally excluded parts that Keirton was importing into Washington state to assemble its Twister Trimmer product. Keirton informed CBP that the components were part of its Twister Trimmer product, and that it could be used by buyers to process cannabis, kale, and hemp. Keirton also informed CBP that manufacturing this type of equipment was legal under Washington state law.

7. Despite the fact that the Twister Trimmer product and components are legal under Washington state law, CBP denied entry of the product and later denied the Keirton protest of the denial, failing to respond within the statutorily mandated thirty (30) day period.

8. Keirton has been operating since 2008, importing Twister Trimmer components into the United States hundreds of times.

9. In 2012, CBP unlawfully detained, and subsequently seized, a Twister Trimmer shipment being imported by Keirton into Washington State, asserting that the Merchandise constituted "drug paraphernalia." As part of a settlement agreement, CBP released the vacuum part of the Twister Trimmer but kept the trimming component, which another governmental agency sold to a U.S. consumer through an online auction in Florida, thereby confirming the fact that the federal government did not truly believe that portion of the Twister Trimmer was "drug paraphernalia."

10. Keirton continued regularly importing Twister Trimmer components for the next seven to eight years.

COMPLAINT - 2

Case No. 21-00452

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

11. Then, in the summer of 2020 without warning, CBP began seizing some Twister Trimmer shipments arriving in Washington State.

12. Starting on October 7, 2020, fourteen shipments of Keirton's Twister Trimmer components were seized by CBP (October 7, October 15, November 5, November 9, November 11, November 25, and December 16, 2020). The Twister Trimmer components were detained, with CBP claiming that it would be used in the cannabis industry and therefore was illegal under federal law.

13. After Keirton initiated litigation against CBP, the Parties came to another settlement agreement dated December 31, 2020. Neither party admitted fault or liability, and all of the seized Twister Trimmer components, which CBP valued at over $1,000,000, was released to Keirton for a payment of $180,000. The settlement agreement required CBP to work with Keirton to expedite the release of the Twister Trimmer components so that Keirton could assemble and sell the supposedly "unlawful"—as asserted by CBP—components within the United States.

14. In early January 2021, CBP seized another shipment of Keirton's Twister Trimmer components that was entering Washington State through Blaine, Washington.

15. On February 11, 2021, CBP notified Keirton that it was excluding the Twister Trimmer components pursuant to 19 U.S.C. § 1449(c)(5) and 19 C.F.R. §§ 151.16(f), (j).

16. On March 2, 2021, Keirton filed a Motion for a Temporary Restraining Order ("Motion for TRO") in the Western District Court of Washington State seeking injunctive relief for future shipments and seeking a resolution of whether the State or local exemption in the Controlled Substances Act ("CSA") applied to Keirton's Merchandise. *See* 21 U.S.C. § 863(f)(1).

17. At a telephone status conference, Keirton and CBP agreed to treat the motion as a motion for a preliminary injunction.

18. On March 26, the Western District Court heard oral argument, denying the request for injunctive relief, finding that Keirton did have an adequate remedy at law and concluding that the Court lacked subject matter jurisdiction. The Court held that the proper forum for this action was in the Court of International Trade.

19. On March 23, 2021, CBP detained another shipment of Twister Trimmer components

COMPLAINT - 3

Case No. 21-00452

(No. Sq4-03475065), again asserting they were illegal.

20. On April 15, 2021, CBP requested additional clarifying information on the March 23, 2021 shipment and whether the Merchandise would be used to manufacture, produce, or process a product identified under the Controlled Substances Act of 1970 (21 U.S.C. § 801 et. seq.).

21. On April 20, 2021, Keirton responded to the CBP inquiry and confirmed that the Twister Trimmer components could be used in the cannabis industry.

22. CBP declined entry of the March 23, 2021 shipment following receipt of the Keirton response. When 30 days ran after the Twister Trimmer components had been submitted to CBP for examination and Keirton had tendered its April 20 clarification, the March 23, 2021 shipment was deemed excluded.

23. Keirton formally protested CBP's exclusion of the Twister Trimmer components on June 15, 2021. *See* Keriton's Protest Form 19 and Corresponding Attachment, Exhibits A and B. CBP failed to respond within 30 days of submission of the protest, rendering the CBP denial final as a matter of law. As a result, Keirton has standing to bring this lawsuit for declaratory relief.

## VI.   CAUSE OF ACTION

24. Plaintiff incorporates by reference paragraphs 1-23 as if fully set forth herein.

25. Congress created an exemption in the Controlled Substances Act, 21 U.S.C. § 863 that gave state and local governments the right to regulate cannabis and, if legalized, made the CSA's provisions inapplicable to participants in the industry.

26. Congress's language is clear—the entirety of § 863 "**shall not** apply to – (1) any person authorized by local, State or Federal law to manufacture, possess, or distribute such items." *Id*. (emphasis added).  21 U.S.C. § 863(f)(1).

27. CBP has violated this express congressional mandate, which it is subject to as a federal agency, by seizing, detaining, and refusing entry of Keirton's Twister Trimmer components, which it deems illegal because they can be used in the cannabis industry.

28. For many years, Washington State (the port of entry and where the detention and seizure took place) has legalized the manufacture and sale of cannabis. Under Washington law, cannabis manufacture, processing, sales, and consumption *is* authorized by State law. *See, e.g.,*

COMPLAINT - 4

Case No. 21-00452

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

RCW 69.50.325 *et seq.* Processing equipment is specifically excluded from the Washington definition of drug paraphernalia. *See* WAC 314-55-010 (27) ("Items for growing, cultivating, and processing marijuana… are not considered 'paraphernalia.'").

29. The congressional exemption applies to Keirton's Twister Trimmer components, and the Twister Trimmer components should not be excluded by CBP.

30. As just one example, and the one which Keirton intends to use in this lawsuit, CBP wrongfully excluded the March 23, 2021 shipment of Keirton's Twister Trimmer components by disregarding the exemption, which makes the Twister Trimmer components legal, and engaging in rogue and illegal enforcement. *See* 21 U.S.C. § 863(d).

31. CBP then denied Keirton's June 15, 2021 protest of the wrongful exclusion by, again, disregarding the congressional mandate in 21 U.S.C. § 863(f)(1).

32. Interpretation of the exemption in 21 U.S.C. § 863(f)(1) is an issue of first impression to the Court of International Trade, and as an important federal question to Keirton and others who operate legally under state and local laws, requires resolution.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

1. For the Court to enter a declaratory judgment in Keirton's favor, finding Congress did intend that it, as a corporate "person," is entitled to the exemption contained in 21 U.S.C. § 863 (f)(1);

2. For the Court to order that Keirton's seized and later rejected Twister Trimmer components of March 23, 2021 should have been admitted by CBP as exempt, and that the rejection and later denial of the protest were illegal and contrary to the express congressional exemption contained in 21 U.S.C. § 863(f)(1).

3. For an award to Plaintiff of its reasonable attorneys' fees as the prevailing party as permitted by state or federal law;

4. For leave to amend this Complaint pursuant to Federal Civil Rule 15; and

5. For such other and further relief as the Court may deem just and equitable.

COMPLAINT - 5

Case No. 21-00452

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Dated: August 19, 2021

BUCHALTER

By: */s/ Bradley P. Thoreson*
Bradley P. Thoreson, WSBA #18190
bthoreson@buchalter.com
Ann Y. Gong, WSBA #50864
agong@buchalter.com

1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

*Attorneys for Plaintiff Keirton USA, Inc.*

BN 46596624v2

COMPLAINT - 6

Case No. 21-00452

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052