Slip Op. 22-118

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **KEIRTON USA, INC.** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES** <br><br> Defendant. | Before: Claire R. Kelly, Judge <br><br> Court No. 21-00452 |

## OPINION

[Granting Keirton USA, Inc's motion for judgment on the pleadings and denying the United States' cross-motion for judgment on the pleadings.]

Dated: October 20, 2022

Bradley Park Thoreson, Buchalter, of Seattle, WA, argued for plaintiff Keirton USA, Inc. Also on the brief was Ann Y. Gong.

Guy R. Eddon, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, argued for defendant United States. Also on the brief were Luke Mathers, Trial Attorney, Aimee Lee, Assistant Director, Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Justin R. Miller, Attorney-in-Charge, International Trade Field Office. Of counsel on the brief were Alexandra Khrebtukova and Mathias Rabinovitch, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection of New York, NY.

Kelly, Judge:  Before the court is Keirton USA, Inc.'s ("Keirton") Rule 12(c) motion for judgment on the pleadings, Pl.'s Mot. J. Pleadings and accompanying Memo. Points & Authorities Supp. Pl.'s Mot. J. Pleadings, Jan. 15, 2022, ECF No. 17 ("Pl. Br."); see USCIT R. 12(c), challenging the U.S. Customs and Border Protection's ("CBP") denial of Keirton's protest of CBP's exclusion from entry into the United

Court No. 21-00452                                                                   Page 2

States of "parts and components" (the "subject merchandise") Keirton uses to manufacture its "Twister Trimmer." Keirton sells Twisted Trimmers to companies in the State of Washington that process marijuana plants. Pl. Br. at 2–3; see Compl. ¶¶ 4–7, Aug. 19, 2021, ECF No. 2; Protest 3002-21-103719 at 5, 8–10, Nov. 15, 2021, ECF No. 13-1 ("Protest").[1]

Keirton challenges CBP's protest denial arguing possession and importation of the subject merchandise is permissible because Washington State law authorizes the possession and importation of marijuana paraphernalia. Pl. Br. at 2–14. Defendant United States ("Defendant") argues that, although Washington State repealed its laws criminalizing possession of marijuana paraphernalia like the Twisted Trimmer, that repeal does not explicitly authorize Keirton to use the subject merchandise to manufacture, possess, or distribute marijuana paraphernalia under Federal law. Def.'s Cross-Mot. J. Pleadings at 2, 7–8, 10–24, Mar. 28, 2022, ECF No. 21 ("Def. Br.").

## JURISDICTION AND STANDARD OF REVIEW

The court exercises jurisdiction pursuant to 28 U.S.C. § 1581(a) (2018) in a challenge to contest the denial of a protest of a deemed exclusion made pursuant to Section 514 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514(a)(4) (2018).[2] The standard of review is de novo based upon the record developed before the court. See 28 U.S.C. § 2640(a)(1) (2018). Deemed exclusions are governed by 19 U.S.C.

---

[1] Citations to the protest refer to the page number assigned by CM/ECF upon filing.
[2] Further Citations to the Tariff Act of 1930, as amended are to the relevant provisions of Title 19 of the U.S. Code, 2018 edition.

Court No. 21-00452 Page 3

§ 1499(c)(5)(A), which states CBP's failure "to make a final determination with respect to the admissibility of detained merchandise within 30 days after the merchandise has been presented for customs examination . . . shall be treated as a decision of [CBP] to exclude the merchandise . . . ." 19 U.S.C. § 1499(c)(5)(A); Blink Design, Inc. v. United States, 986 F. Supp. 2d 1348, 1353 (Ct. Int'l Trade 2014). An importer may protest CBP's decision to exclude the merchandise. 19 U.S.C. § 1514(a)(4). Pursuant to 19 U.S.C. § 1499(c)(5)(B), if CBP fails to respond to a protest of an exclusion within thirty days, that protest will be deemed denied. Id. § 1499(c)(5)(B). An "importer may challenge the deemed denial to its deemed exclusion before the court" under 28 U.S.C. § 1581(a). See Root Scis., LLC v. United States, 543 F. Supp. 3d 1358, 1361 (Ct. Int'l Trade 2021), reconsideration denied, 560 F. Supp. 3d 1357 (Ct. Int'l Trade 2022).

The court may grant judgment on the pleadings if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. N.Z. Lamb Co., Inc. v. United States, 40 F.3d 377, 380 (Fed. Cir. 1994); USCIT R. 12(c).[3] "A ruling on a motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under USCIT R. 12(b) for failure to state a claim." Forest Lab'ys, Inc. v. United States, 29 CIT 1401, 1402–03, (2005), aff'd, 476 F.3d 877

---

[3] United States Court of International Trade Rule 12(c) governs judgments on the pleadings and is identical to Federal Rule of Civil Procedure 12(c). Forest Lab'ys, Inc. v. United States, 476 F.3d 877, 880 n.3 (Fed. Cir. 2007); compare USCIT R. 12(c) with Fed. R. Civ. P. 12(c).

(Fed. Cir. 2007). In reviewing either a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings, the court accepts all well-pleaded facts as true and views them in the light most favorable to the non-moving party. Id.; see C.J. Tower & Sons of Buffalo, Inc. v. United States, 68 Cust. Ct. 377, 379 (1972); see also 5C Charles Alan Wright et al., Federal Practice and Procedure § 1368 (3d ed. 2022).

## UNDISPUTED FACTS

The following facts are not in dispute. On March 23, 2021, CBP imported the subject merchandise. Compl. ¶ 19; Answer ¶ 19. CBP detained the shipment on March 24, 2021.[4] Compl. ¶ 19; Answer ¶ 19. On April 15, 2021, CBP requested additional clarifying information on the shipment and whether the subject merchandise would be used to manufacture, produce, or process a product identified under the Controlled Substances Act of 1970, 21 U.S.C. § 801 et seq. Compl. ¶ 20; Answer ¶ 20. On April 20, 2021, Keirton responded to CBP's inquiry confirming that its "Twister Trimmer" product could be used in the cannabis industry. Compl. ¶ 21; Answer ¶ 21. CBP refused entry of the subject merchandise following Keirton's response, and the shipment was deemed excluded by operation of law. Compl. ¶ 22; Answer ¶ 22.

---

[4] Keirton's complaint alleges CBP detained the shipment of subject merchandise on March 23, 2021; however, in its motion for judgment on the pleadings, Keirton agrees with Defendant's timeline that it imported the subject merchandise on March 23, 2021, and that CBP detained the subject merchandise on March 24, 2021. Compare Compl. ¶ 19 with Answer ¶ 19 and Pl. Br. at 2–3.

Keirton protested CBP's exclusion of the subject merchandise on June 15, 2021. Compl. ¶ 23; Answer ¶ 23. CBP did not allow or deny Protest No. 3002-21-103719, rendering its denial final as a matter of law. Compl. ¶¶ 23, 31; Answer ¶¶ 23, 31. CBP excluded the subject merchandise in Entry No. SQ4-03475065 from entry into the United States. Compl. ¶¶ 27, 30; Answer ¶¶ 27, 30.

Keirton filed its complaint on August 19, 2021.[5] Compl. Defendant filed its answer on November 17, 2021. Keirton filed its motion for judgment on the pleadings on January 5, 2022, stipulating that the subject merchandise meets the Federal definition of "drug paraphernalia" for the purposes of this case. Pl. Br. at 1. Defendant filed its cross-motion for judgment on the pleadings on March 28, 2022. Def. Br. The motions were fully briefed on June 6, 2022. Pl.'s Resp. Opp. [Def. Br.] & Reply Supp. [Pl. Br.], May 2, 2022, ECF No. 22; Def.'s Reply Further Supp. [Def. Br.], June 6, 2022, ECF No. 25.

## DISCUSSION

Keirton argues CBP's exclusion of the subject merchandise from entry into the United States is unlawful because Washington State law authorizes Keirton to manufacture, possess, and distribute marijuana paraphernalia, exempting the

---

[5] Keirton initially filed a Motion for a Temporary Restraining Order regarding the subject merchandise in the Western District Court of Washington State, and, on March 26, 2021, that court denied Keirton's request for injunctive relief, concluding the court lacked subject matter jurisdiction and holding the United States Court of International Trade was the proper forum for this action. Compl. ¶¶ 16–18; Answer ¶¶ 16–18.

Court No. 21-00452 Page 6

subject merchandise from the Federal Mail Order Drug Paraphernalia Control Act of 1986, 21 U.S.C. § 863(a),(f)(1). Pl. Br. at 4–14. Defendant argues that Washington State law does not explicitly authorize Keirton to manufacture, possess, or distribute marijuana paraphernalia such that Keirton is exempt pursuant to 21 U.S.C. § 863(f)(1). Def. Br. at 7–24. For the following reasons, Keirton's motion for a judgment on the pleadings is granted.

21 U.S.C. § 863(a) makes it unlawful for a person to, inter alia, import or export drug paraphernalia.[6] 21 U.S.C. § 863(a). However, the statute exempts from the proscription of § 863(a) "any person authorized by local, State, or Federal law to manufacture, possess, or distribute such items."[7] Id. § 863(f)(1). Thus, CBP may prevent the importation of drug paraphernalia into the United States by virtue of 19

---

[6] The statute defines drug paraphernalia:

> The term "drug paraphernalia" means any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under this subchapter.

21 U.S.C. § 863(d).

[7] The plain meaning of § 863(f)(1) makes clear that "'authorization' by a relevant state to possess drug paraphernalia [is] sufficient to implicate the (f)(1) exemption, thereby rendering the entirety of section 863 . . . inapplicable." Eteros Technologies USA, Inc. v. United States, Slip Op. 22-111, at 12, 2022 WL 4362917, at *7 (Ct. Int'l Trade Sep. 21, 2022) (internal bracketing and emphasis omitted). In Eteros, the court considered § 863's scope and explained that "when the (f)(1) exemption is implicated, none of the provisions under section 863 . . . apply" including the Federal prohibition on importing drug paraphernalia at § 863(a)(3). Eteros, Slip Op. 22-111, at 11, 2022 WL 4362917, at *6.

U.S.C. § 1595a(c)(2)(A) because drug paraphernalia is unlawful under 21 U.S.C. § 863(a), unless the importer has been authorized by local, State, or Federal law to manufacture, possess, or distribute such items. Id. § 863(f)(1).

The phrase "any person authorized" in § 863(f)(1) extends the exemption from the requirements of § 863 to all persons affected by the repeal of prior State prohibitions. See Murphy v. NCAA, 138 S. Ct. 1461, 1474 (2018) (construing New Jersey's repeal of its gambling prohibition to authorize gambling). Section 863 does not define "authorized;" however, dictionary definitions indicate "authorized" means to empower, approve, sanction, or give legal authority.[8] Although the range of meanings supplied by dictionary definitions might, in a vacuum, suggest a concomitant range of possible directives for a State to authorize activity, where the State acts against the backdrop of a prior prohibition, there can be no doubt that a repeal of that prohibition satisfies any definition of authorized. Murphy, 138 S. Ct. 1461, 1474. Murphy explained this point:

> The concept of state "authorization" makes sense only against a backdrop of prohibition or regulation. A State is not regarded as authorizing everything that it does not prohibit or regulate. No one

---

[8] See Authorize, Black's Law Dictionary (11th ed. 2019) (defining "authorize" as "To give legal authority; to empower;" or "To formally approve; to sanction"); Authorized, Oxford English Dictionary, available at https://www.oed.com/view/Entry/13353?result=2&rskey=QHS8ex& (last accessed Oct. 13, 2022) (defining "authorized" as "Of a person: that has been given authority; placed in a position of authority; formally appointed to a particular role or duty"); Authorized, Merriam-Webster's Dictionary, available at https://www.merriam-webster.com/dictionary/authorized (last accessed Oct. 13, 2022) (defining "authorized" as "endowed with authority" or "sanctioned by authority: having or done with legal or official approval").

would use the term in that way. For example, no one would say that a State "authorizes" its residents to brush their teeth or eat apples or sing in the shower. We commonly speak of state authorization only if the activity in question would otherwise be restricted.

Murphy, 138 S. Ct. 1461, 1474.[9]

Here, Washington State law authorizes persons to possess marijuana paraphernalia under the meaning of "authorized" in § 863(f). By referendum, Washington repealed the portions of its law criminalizing the possession of marijuana paraphernalia.[10] See Initiative Measure 502, 2013 Wash. Sess. Laws ch. 3. The

---

[9] Defendant argues that the word "authorize" must be read narrowly here because, unlike in Murphy where the federal government prohibited states from authorizing an activity, § 863(f)(1) involves an exemption from a prohibition for an authorized person. Def. Br. at 17–18. However, Murphy makes clear that the repeal of a prior prohibition is an authorization to act regardless of the definition of "authorize." Id., 138 S. Ct. 1461, 1474.

[10] The Revised Code of Washington now specifically exempts marijuana from the section criminalizing the possession of drug paraphernalia. Wash. Rev. Code § 69.50.412 (2013) (a person may not possess any equipment to process "a controlled substance other than marijuana"). Initiative Measure 502 amended Washington's prohibitions of drug paraphernalia to read:

> (1) It is unlawful for any person to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance other than marijuana. Any person who violates this subsection is guilty of a misdemeanor.
>
> (2) It is unlawful for any person to deliver, possess with intent to deliver, or manufacture with intent to deliver drug paraphernalia, knowing, or under circumstances where one reasonably should know, that it will be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test,

(footnote continued)

Washington Administrative Code provides that "[i]tems for . . . processing cannabis . . . are not considered [drug] 'paraphernalia.'" Wash. Admin. Code § 314-55-010(27). The plain language of the Washington Revised Code excludes marijuana paraphernalia from its prohibition on drug paraphernalia. Wash. Rev. Code §§ 69.50.412(1)–(2), 69.50.4121(1) (2013). Washington State's specific exemption of marijuana paraphernalia from its prohibition on drug paraphernalia reflects the State's intent to authorize persons to possess marijuana paraphernalia. See Wash. Rev. Code §§ 69.50.412(1)–(2), 69.50.4121(1) (2013). Washington State's repeal of its

---

> analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance other than marijuana. Any person who violates this subsection is guilty of a misdemeanor.

Wash. Rev. Code § 69.50.412(1)–(2) (2013); see Initiative Measure 502, 2013 Wash. Sess. Laws ch. 3.

> (1) Every person who sells or gives, or permits to be sold or given to any person any drug paraphernalia in any form commits a class I civil infraction under chapter 7.80 RCW. For purposes of this subsection, "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance other than marijuana.

Wash. Rev. Code § 69.50.4121(1) (2013); see Initiative Measure 502, 2013 Wash. Sess. Laws ch. 3.

Court No. 21-00452 Page 10

prohibitions regarding marijuana paraphernalia possession thus authorizes any person to import paraphernalia for purposes of 21 U.S.C. § 863.

Defendant invokes Washington State's licensing regime for marijuana retailers to argue the repeal of Washington State's marijuana paraphernalia prohibition is not a blanket authorization. See Def. Br. at 15–16. Murphy provides otherwise. The repeal of a prohibition is an authorization. Murphy, 138 S. Ct. 1461, 1474. That Washington State imposes a licensing scheme for retailers does not undo that authorization.

Defendant also argues that the Controlled Substances Act's overarching purpose is to create a uniform Federal prohibition and that allowing the exemption to extend to Washington State's repeal would undermine the uniformity Congress intended. Def. Br. 20–22. However, Congress did not impose complete uniformity. It provided an exemption. Had it wanted to limit that exemption, it could have done so.

Finally, Defendant argues that the absence of a prohibition cannot be considered authorization because there is no Federal prohibition against the possession of drug paraphernalia. Id. at 7. Thus, if the absence of a prohibition were sufficient to find authorization, the statute would swallow itself because the exemption extends to authorization by Federal law. Id. However, Defendant's argument fails because there is no Federal prohibition. Murphy held that "[t]he concept of state 'authorization' makes sense only against a backdrop of prohibition or

regulation." Murphy, 138 S. Ct. 1461, 1474. Because the Federal Government has not previously prohibited drug paraphernalia possession, there can be no repeal constituting an authorization under § 863(f)(1). See Murphy, 138 S. Ct. 1461, 1474; Eteros, Slip Op. 22-111, at 25 n.25, 2022 WL 4362917, at *13 n.25 (Washington State's repeal of prior prohibitions on possession of marijuana-related drug paraphernalia conferred "authoriz[ation]" such that 21 U.S.C. § 863 did not justify seizure or forfeiture by Customs and Border Protection of plaintiff's imports at the Port of Blaine).

## CONCLUSION

For the foregoing reasons, it is lawful for Keirton to possess and import its merchandise into the State of Washington. Therefore, Keirton's motion for judgment on the pleadings is granted, and Defendant's cross-motion for judgment on the pleadings is denied. Judgment will enter accordingly.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated: October 20, 2022
New York, New York